May it please the court, John Ballas on behalf of the petitioner Oscar Arredondo-Virula. I'm intending to reserve two minutes for rebuttal. This appeal involves the loss of 27 days of good time credits. The primary claim on appeal is that the disciplinary hearing and findings were invalid because the disciplinary hearing officer is not a Bureau of Prisons employee as required by federal regulations. Federal regulations make this clear, particularly the 28 CFR section 541.10b that says only institution staff may take disciplinary action and section 500.1 which defines staff as any employee of the Federal Bureau of Prisons or Federal Prisons Industry Incorporated. It's undisputed in this case that the district hearing officer was neither. In fact, he was a contractor with a private company that contracted to run the Taft Prison, a corporation called MTC, a for-profit corporation. And the argument is that because it goes contrary to the Code of Federal Regulations, the district hearing officer was unauthorized to take any disciplinary hearing and make the findings that he did. I think that while the plain language is clear, even if it was ambiguous, there is the rule of lenity and the doctrine of law. The language is clear. You don't need to go into that. And then the two other claims is that there is a potential due process violation that I would also agree the Court does not need to reach because of the statutory interpretation. And then I have a final claim that there is a violation of due process because there was not some evidence of the, that my client engaged in sexual contact. All there was in this case was the unsworn statement of a hearing, unsworn statement of an officer that was contradicted by my client. In these circumstances, with no live testimony, no declaration under oath, et cetera, it does not meet the standard of some evidence with some indicia of reliability. The Court doesn't have an answer. Sotomayor With respect to the first issue in the regulation, do you have any knowledge of the status of the law in other circuits on that issue? I couldn't find anything except for a unpublished 2006 Eleventh Circuit decision that I didn't cite because it was unpublished, and before the time, I think, when you could cite unpublished decisions, which went rule against me. But I don't – I'm not aware of any precedent circuit opinions. Is that the case that said that there was review by a Justice Department person and so, therefore, it was okay? I don't remember exactly the decision. Is that Hilario? Paulino v. Pugh, Eleventh Circuit 194, Fed Apps, APPX 900. Is that Hilario Paulino v. Pugh? Yes. Okay. And it seems to say that as long as there's some review up above by a BOPO official, if it's de novo, then it's okay. Isn't that the Eleventh Circuit's approach? Yes. And unpublished, unprecedented, non-presidential opinion. And I would disagree with that. I think the regulation – Is this regulation still in effect? I believe so. Yes. You think it is? No. Okay. Last time I checked, it was in effect. Okay. There hasn't been a change in it? Well, you're making me doubt my reaction. But I know at least at the time of the hearing and when the district court petition was in effect, and unless it was changed more recently. Okay. Do you want to reserve the rest of your time? Yes. Okay. Good morning, Your Honors. May it please the Court. In response to Petitioner's argument that the hearing officer did not have authority because he was not an employee, Taft Correctional Facility is a private institution. However, the government retains key elements of control over the employees  of Taft Correctional Facility. I'm not sure what the regulations say. It says an employee, doesn't it? It does say that it is an employee. However, Was this an employee who disciplined him? This was an employee of Taft. An employee of the prison. Don't tell me it was an employee of somebody else. There are all kinds of employees in the world. But was it an employee of the bureau of prison? Not a direct employee. Was it an employee of the bureau of prison? No. What? No. No. The regulation was violated, was it not? Well, the regulation says what it says. However, Well, it has to go no further. It says what it says. Why don't you abide by it? Because 18 U.S.C. section 4001 also says that the attorney general can appoint all necessary officers and Did he appoint this officer? Yes, through the chain. Is there an appointment going from the attorney general to this particular employee of the contract? You've got to answer precisely in something like this, and it's no good fudging it. The hearing officer is an employee of the facility. The facility Say that again. The hearing officer is an employee of the facility, Taft. However, through the statement of work, the BOP, the Bureau of Prisons, policy is to contract and to certify that officer. Are you really I'm sorry. Are you really arguing a contractor is an employee? I mean, is that what you're arguing? I'm not arguing that the contractor is an employee of the Bureau of Prisons. Well, then give up. Because, I mean, the Pollard case, I mean, how do you reconcile this with Pollard? Because 18 U.S.C. section 4041 says that the attorney general may appoint additional officers. But did the attorney general appoint Mr. Logan? He is certified But isn't he a I mean, this is a contract prison. Wasn't he a contractor? I'm just trying to figure out how, if you're trying to argue that a contracted out person is an employee of the prison, because then I think you run into problems with the case of Pollard. And so it seems to be a much more difficult issue than I think your briefing reflects, because assuming we take 28, you know, CFR 54110 at its plain English and conclude that only BOP, which it says only BOP or Unicorp employees, could have disciplined inmates in 2009, what are the consequences of that holding? In this case, the certification for this particular individual came from the U.S. Department of Justice and the Bureau of Prisons. So he is certified through the Department of Justice. But that's not what the language, if we look at the plain language, do you agree with me that that's not what the plain language of the reg says? The statute here, the CFR? The CFR states that staff means any employee of the Bureau of Prisons or the Federal Bureau of Prisons Industries. It doesn't say only. And if you read it in conjunction Well, it doesn't say what you say either, does it? I mean, how, reading in conjunction, I want to try to understand your argument. Well, if you read it in conjunction with 18 U.S.C. 4042 and 18 U.S.C. 4001, the Attorney General can appoint all necessary officers and employees. So we're, in addition to employees, we're adding all necessary officers. And Mr. Logan is an officer who is certified by the United States Department of Justice, who was certified by the Bureau of Prisons, and he has the authority under all of the regulations. He's certified to do what? He was certified to conduct discipline. He was certified to discipline inmates. Where does it say that? In the Statement of Work, which is the Excerpts of Record 23, Section J, under Section 23, it states that the contractors, DHO and alternate, must be trained and certified by the BOP prior to issuance of the NTP. And that's exactly what happened in this case. I'm not sure. It says must be certified and trained. Is that right? Correct. How does that give them the authority to be commensurate with an employee? I mean, there's nothing in there that says then they'll be considered an employee or, I don't know. It just seems like we're missing a couple of steps, but I'm trying to understand your position. I'm using the term officer as opposed to employee of the BOP. He is an officer who has authority under the BOP and the Attorney General. You've really promoted him. Pardon me? It seems like a very significant issue, because if we don't agree with you, then that means he's not authorized under the CFR to impose that discipline. It seems like that might have wide-ranging ramifications for other cases. I'm not sure. So I'm just not sure you've connected all your dots. Well, the way I'm connecting it is through the 18 U.S.C. 4041, where the Attorney General can appoint additional officers. There's the BOP policy to contract and to certify the staff members. Under the Section J right here, the contractor shall comply with the policy and procedures for inmate discipline. He's a contractor. MTC is a contractor. They fall under this rubric. That's the parallel. I see I have a minute and 40 seconds. Would you like me to address the second argument? Please. In terms of some evidence, as stated in the Cato case, there has to just be some indicia of reliability so that the record is not so devoid of evidence. And in this case, there was petitioner's own admission. There was an apology. There was the officer's observation. So there was definitely some evidence. The district court was not in a position to assess the credibility of the witnesses or reweigh the evidence. But just note that there was some evidence. And also, as was discussed earlier, the fact that the BOP provides de novo review, it should allay any kind of concern about initial stages of the proceedings. It happened in this case. The petitioner appealed, and it went all the way up to the Bureau of Prisons, and the appeal was denied. Thank you. Thank you. Respondent appears to be conceding that the district disciplinary hearing officer was not an employee of the Bureau of Prisons, but is arguing that he was an officer that was properly delegated. I think that is directly in violation of the Code of Federal Regulations. The regulations are very clear that only employees of the Bureau of Prisons or federal prisons industries may conduct and hold disciplinary actions. And the fact that there are general rules on the attorney general delegating authority does not contradict that, and in this case is inconsistent with the federal rules. The only other point I want to bring out is that, just as a reminder to the Court, my client's release date is May 26, 2013. So this case will be moot in a couple months, two, three months. Well, the real problem here in the regs is the definition of staff, isn't it? And is that regulation still in effect? Well, I would ask maybe I double-check that. I thought the regulations were in effect last I checked, but now I'm, it seems like I'm wrong there. Well, some of them are. But I'm just asking with respect to the definition of staff. If they have been changed, I think these were the regulations in effect at the time of the hearing. And the Court's ruling would probably have a more limited effect, because if the regulations are changed, what they're doing now may be consistent with the regulations at this time. But the Court's ruling could be, should be, of course, you know, focused on the regulations that were in effect at the time. But it may limit the scope of the overall Court's ruling. Thank you. Thank you very much. Thank you both for your arguments here today. The case is now submitted.
judges: Schroeder, Noonan, Murguia